UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

CRIMINAL ACTION

VERSUS

NO. 10-81-JJB

SAMUEL B. JOHNSON,
STEPHANIE DANGERFIELD

## RULING

This matter is before the Court on the following motions filed by defendants Samuel Johnson and Stephanie Dangerfield. Defendant Johnson has filed a second motion for severance (doc. 87), to which the United States has filed an opposition (doc. 90). Johnson has also filed a motion to suppress (doc. 75), to which the United States has filed an opposition (doc. 79). Johnson has filed a second memorandum in support (doc. 88) of the motion to suppress, and the United States has filed a further opposing memorandum (doc. 91). Johnson has filed a motion for oral argument (doc. 89), which the United States has opposed (doc. 91). Defendant Dangerfield has filed a motion to suppress handwritten evidence (doc. 93), which the United States has opposed (doc. 96), and a motion for government agents to retain rough notes (doc. 94), to which the United States has responded (doc. 98).

The defendants in this case are charged with eight counts of health care fraud and one count of conspiracy to commit health care fraud. Samuel Johnson

is also charged with three counts of money laundering. Trial is scheduled to begin on January 24, 2011.

This court has previously denied defendants' motions to sever. In the newest motion to sever, defendant Johnson contends that defendants have mutually antagonistic defenses and that joinder would result in prejudice to Johnson. In opposition, the United States argues that the risk of prejudice from joinder in the present case does not outweigh the interest in judicial economy. Further, the United States correctly asserts that, even in cases of mutually antagonistic defenses, limiting instructions can be sufficient. *See United States v. Daniels*, 281 F.3d 168, 177 (5th Cir. 2002); *United States v. Matthews*, 178 F.3d 295, 299 (5th Cir. 1999).

As this court has already noted, there is a well-recognized preference in the federal system for joint trials of defendants who are indicted together. *Zafiro v. U.S.*, 506 U.S. 534 (1993). This preference particularly holds true in conspiracy cases. *U.S. v. Stalnaker*, 571 F.3d 428, 434 (5th Cir. 2009). Trying defendants together generally serves the interests of justice and promotes efficiency. *Zafiro*, 506 U.S. at 537-38. If a trial court determines that cautionary instructions are sufficient, severance is not required. *U.S. v. Merida*, 765 F.2d 1205, 1219 (5th Cir. 1985); *Zafiro*, 506 U.S. at 539. Indeed, "Rule 14 does not require severance even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538-39.

Instead of severance, this Court finds that it can sufficiently mitigate the possibility of prejudice through jury instructions and by continuing to monitor this case as it progresses to trial. *See U.S. v. Bullock*, 71 F.3d 171, 175 (5th Cir. 1995) (also noting that juries are presumed to follow the court's instructions). Therefore, the Court finds that in light of alternative remedies, severance is not necessary to avoid possible prejudice.

Defendant Johnson has also filed a motion to suppress. The motion argues that the warrant and subsequent search of MSBR were illegal because the warrant was an illegal general warrant, lacking specificity; additionally, defendant Johnson argues that police exceeded the scope of the warrant. In opposition, the United States contends that the warrant was not a general warrant; that it sufficiently described with particularity the items to be seized; that categories of items, such as medical records, were necessary in light of the alleged fraud perpetrated by defendants; that the officers did not exceed the scope of the warrant; and, alternatively, that the officers were acting in good faith.

Johnson's supplemental memorandum simply assumes without establishing that the search at issue was an "all records search." The court is persuaded by the Fifth Circuit precedent cited by the United States. The court finds that the warrant was not a general warrant and was sufficiently specific and particularized. The court also finds that the officers did not exceed the scope of the warrant.

Johnson has also moved for oral argument on the motion to suppress. However, counsel for defendant Johnson was given the opportunity to orally argue his position in court on precisely this matter last week. Additionally, the defendant was also granted the opportunity to file a supplemental memorandum on the motion to suppress. The court finds that further oral argument on the matter is unnecessary.

Defendant Dangerfield has filed a motion to suppress handwritten evidence, which the United States has opposed. Dangerfield asserts that certain handwritten evidence which may be introduced by the United States should be suppressed because of the United States' failure to authenticate that evidence. Dangerfield's motion does not contend that the United States will be unable to authenticate the documents, but simply that the United States has not yet done so. In opposition, the United States asserts that it will present testimony to authenticate the documents at trial. For this reason, the court finds that Dangerfield's motion should be denied at present; however, defendant can re-urge the motion or objection at the appropriate time during trial, if necessary.

Dangerfield has also filed a motion for government agents to retain rough notes. The motion requests that all government law enforcement officers who investigated the additional charge of health care fraud named in the superseding indictment be ordered to "retain and preserve all rough notes and writings which are arguably discoverable by defendant or subject to disclosure." The motion specifically requests Special Agent Jeff Richards be required to retain rough

4

notes from a December 2, 2010 interview with a potential trial witness. The United States asserts that defendant has already been provided with a written report prepared by Special Agent Richards summarizing the December 2 interview. The United States also argues that defendant is not entitled to the preservation or production of the agent's rough notes under the Jencks Act or *Brady*. Nonetheless, the United States has asked Special Agent Richards to preserve the rough notes from the December 2, 2010 interview. As such, the motion is now moot.

Accordingly, defendant Johnson's motion to sever (doc. 87) is hereby DENIED. Johnson's motion to suppress (doc. 75) is also DENIED, and Johnson's request for oral argument (doc. 89) is DENIED as unnecessary. Defendant Dangerfield's motion to suppress handwritten evidence (doc. 93) is DENIED, and Dangerfield's motion (doc. 94) for government agents to retain rough notes is DENIED as MOOT.

Signed in Baton Rouge, Louisiana, on January __18th__, 2011.

JAMES J. BRADY
DISTRICT JUDGE